

# Fourth Court of Appeals
## San Antonio, Texas

October 26, 2020

No. 04-20-00486-CR

Jemadari Chinua **WILLIAMS,**
Appellant

v.

The **STATE** of Texas,
Appellee

From the 198th Judicial District Court, Kerr County, Texas
Trial Court No. B19-346
Honorable Rex Emerson, Judge Presiding

# O R D E R

The record in this appeal was filed October 19, 2020. The record reflects that appellant, Jemadari Chinua Williams, was represented by appointed counsel through the guilt/innocence phase of the trial, but represented himself during the punishment phase after having been admonished about the risks of self-representation at trial.

Williams filed a pro se notice of appeal. However, the record does not reflect he was advised he has the right to appointed counsel on direct appeal or that he has been admonished about the risks of proceeding pro se on appeal.

We therefore **abate** this appeal and **order** the trial court to conduct a hearing on the record to:

1) fully admonish appellant of the dangers and disadvantages of self-representation on appeal, including:

   a. advising appellant that he will be required to comply with all the relevant rules of appellate procedure; and

   b. advising appellant that the court of appeals will not grant excessive extensions of time because he is pro se or so that he may retain counsel at a later stage in the appeal;

2) develop evidence as to whether appellant's decision to relinquish the benefits associated with counsel and proceed pro se is knowingly and intelligently made;

3) make findings of fact and conclusions of law as to whether appellant's decision to proceed pro se is knowingly and intelligently made.

If the trial court concludes appellant's decision to proceed pro se is knowingly and intelligently made, the trial court shall direct the clerk and court reporter to send a complete copy of the appellate record to appellant for his use in preparing a brief.

If Williams requests appointed appellate counsel or if the trial court concludes appellant's decision to proceed pro se is not knowingly and intelligently made, the trial court shall appoint counsel.

We **order** the hearing must occur no later than **November 16, 2020** and the trial court shall make arrangements for Williams to appear at the hearing, which may be held by teleconference or videoconference.

We further **order** the trial court to direct the trial court clerk and the court reporter to file in this court, no later than five days after the hearing, (1) a reporter's record of the hearing, and (2) a supplemental clerk's record containing the court's orders, findings of fact, conclusions of law.

Luz Elena D. Chapa, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 26th day of October, 2020.

MICHAEL A. CRUZ,
Clerk of Court